UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARGARET QUINN,

    Plaintiff,

v.                                       Case No.  6:12-cv-1737-ORL-18TBS

PALMER COLLEGE FOUNDATION, INC.,
d/b/a PALMER COLLEGE OF
CHIROPRACTIC FLORIDA, a foreign
corporation,

    Defendant.
_____/

## ORDER

On January 18, 2013, Plaintiff filed Plaintiff's Motion to Strike Affirmative Defenses (Doc. 16).  The motion includes counsel's certification that: "I hereby certify that I advised defendant's counsel of the issues raised herein and made a good faith effort to resolve these issues.  Defendant declined to amend its affirmative defenses, thereby necessitating this motion."

Defendant responded to the motion on January 30, 2013.  (Doc. 17). According to Defendant's lawyer, the parties never conferred regarding the alleged deficiencies in the affirmative defenses and Defendant never "declined" to amend its defenses. (Doc. 17). Attached to the response is an email from Plaintiff's lawyer stating his belief that Defendant's first and third affirmative defenses were insufficiently pled and requesting Defendant's lawyer to "advise me by the end of the week whether you will amend these defenses or, alternatively, if I should go ahead

and file a motion to strike." The email was sent on a Thursday and the motion to strike was filed eight days latter. (Id. and Doc. 16).

Defendant has also filed its Defendant's Amended Answer and Affirmative Defenses to Plaintiff's Complaint. (Doc. 18). The amendments address the issues raised in the motion to strike.

It appears that counsel for both parties and the Court were required to perform unnecessary work because of a failure to comply with Local Rule 3.01(g). The term "confer" in Rule 3.01(g) requires a substantive conversation in person or by telephone in a good faith effort to resolve the motion without court action and does not envision an email, fax or letter. Counsel who merely "attempt" to confer have not "conferred." A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. See Local Rule 3.01(g). Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism). A party who, due to time constraints, must file a motion before complying with Rule 3.01(g), is under a duty to contact opposing counsel expeditiously after filing the motion and supplement the motion promptly with a completed Rule 3.01(g) certificate.

Plaintiff's email did not satisfy Rule 3.01(g). Still, Defendant should have responded in person or by telephone to discuss the matter. Strict compliance with

Rule 3.01Ig) is required.  The Court is hopeful that in the future, counsel will do a better job of communicating.

Now, Plaintiff's Motion to Strike Affirmative Defenses (Doc. 16) is DENIED and Defendant's Amended Answer and Affirmative Defenses to Plaintiff's Complaint (Doc. 18) is deemed FILED.  (Doc. 18).

.   IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on January 31, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel